No. 2--05--1216                    filed: 7/12/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Ogle County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 04--TR--8782 |
| ANA L. ALDAMA, | ) ) | Honorable John F. Joyce, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

The State appeals from an order allowing defendant, Ana L. Aldama, to withdraw her plea of guilty to a charge of driving with a suspended license (625 ILCS 5/6--303 (West 2004)). It contends that, because defendant's motion came six months after she entered the plea, the trial court was without jurisdiction to vacate the conviction. We conclude that no basis for an appeal exists under Supreme Court Rule 604(a) (Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604(a), eff. February 1, 2005), and therefore dismiss the appeal.

Defendant received a ticket for driving with a suspended license, pleaded guilty to that offense on May 9, 2005, and was sentenced the same day. On November 9, 2005, she filed a motion to vacate the plea on the basis that the State's Attorney had incorrectly informed her that the plea would have no effect on "a court supervision." At hearing the State objected, raising as its sole objection that defendant filed the motion more than 30 days after the court entered its final judgment

and that the court therefore lacked jurisdiction to disturb the judgment. The court granted defendant's motion, and the State appealed, filing a certificate of impairment. On appeal, the State cites People v. Flowers, 208 Ill. 2d 291, 303 (2003), which held that when "more than 30 days have elapsed since sentence was imposed and the trial court has not extended the limitation period *** the trial court is divested of jurisdiction to entertain a defendant's motion to vacate the judgment." The State thus asserts that the trial court lacked jurisdiction to allow defendant to withdraw the plea. It further asserts that this court has jurisdiction to hear the appeal under Supreme Court Rule 604(a), "which incorporates by reference, 725 ILCS 5/114--1(a)(6) [(West 2004)], which provides for dismissal where a trial court lacks jurisdiction, as here." We disagree with this second assertion and hold that we lack jurisdiction to consider this appeal.

Defendant has not filed a response brief. However, we have an independent duty to insure that jurisdiction is proper and thus will consider issues of jurisdiction regardless of whether either party has raised them. People v. O'Connor, 313 Ill. App. 3d 134, 135 (2000).

Rule 604(a), the only source of any right of the State to appeal in a criminal case, does not provide for an appeal when the court allows the defendant to withdraw a guilty plea. It provides:

"In criminal cases the State may appeal only from an order or judgment [1] the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114--1 of the Code of Criminal Procedure of 1963; [2] arresting judgment because of a defective indictment, information or complaint; [3] quashing an arrest or search warrant; [4] suppressing evidence; [5] decertifying a prosecution as a capital case on the grounds enumerated in section 9--1(h--5) of the Criminal Code of 1961; or [6] finding that the defendant is mentally retarded after a hearing conducted pursuant to section 114--15(b) of

the Code of Criminal Procedure of 1963."  (Emphasis added.)  Official Reports Advance Sheet No. 4 (February 16, 2005), R. 604 (a) eff. February 1, 2005.

It thus limits appeals by the State to six conditions, only the first of which has any arguable relevance.  However, not even that is present here: the court did nothing that had the effect of dismissing a charge.  Further, contrary to what the State implies, section 114--1(a) of the Code of Criminal Procedure of 1963 is not a general provision allowing the court to dismiss a case for lack of jurisdiction.  Section 114--1(a) plainly states that only the defendant can make such a motion.  725 ILCS 5/114--1(a) (West 2004).  Thus, the provisions the State claims give it a right to appeal in fact apply only when the trial court has dismissed a charge for lack of jurisdiction on a defendant's motion.  As Rule 604(a) provides no basis for an appeal under these conditions, we dismiss this appeal.

We recognize that if defendant's case proceeds to a new judgment at a time when the trial court's jurisdiction is questionable at best, significant confusion may result.  Nevertheless, in the absence of jurisdiction given by Rule 604(a), we, unlike the supreme court, lack the power to step in and correct the matter with a supervisory order.

For the reasons given, we dismiss the State's appeal.

Appeal dismissed.

McLAREN and BYRNE, JJ., concur.