No. 2--05--0478          Filed 2/14/07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lee County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--TR--6614 |
| RAYMOND B. GARGANI, | ) ) ) | Honorable Charles T. Beckman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Raymond B. Gargani, was tried in absentia without the benefit of counsel. A jury found him guilty of driving while his license was revoked (see 625 ILCS 5/6--303 (West 2004)), and the trial court sentenced him to a 364-day jail term. Defendant was not represented at any point in the proceedings until the court appointed counsel 31 days after he was sentenced.

Defendant appeals, arguing that he is entitled to a new trial because he was tried in absentia without counsel and without waiving his right to counsel. The State briefly objects to our appellate jurisdiction but ultimately concedes that the denial of counsel is plain error that entitles defendant to a new trial. We conclude that we have jurisdiction over the appeal and that defendant is entitled to a new trial. We reverse the judgment and remand the cause for further proceedings.

FACTS

On September 10, 2003, defendant was charged with driving with a revoked license, and he was released on bond the same day. At the first hearing, which was held on October 22, 2003, defendant appeared pro se and informed the trial court that he intended to hire private counsel. The docket entry for October 22 indicates that the trial court informed defendant of his right to be represented by counsel and to have counsel appointed if he was indigent, but there is no other evidence in the record that he received those admonishments on that date.

Following several continuances to afford defendant the opportunity to hire counsel, defendant again appeared in court pro se on January 13, 2005. On that date, the trial court scheduled a final pretrial hearing for February 18, 2005, and set the trial for March 7, 2005. Defendant did not appear on either February 18 or March 7, and a one-day trial in absentia was held on March 7. A jury found defendant guilty of driving with a revoked license, and the trial court imposed the jail term on the same day.

On April 6, 2005, defendant appeared pro se before a different judge. The prosecutor explained that a jury had tried defendant in absentia and found him guilty of driving with a revoked license. Defendant explained that his absence from the proceedings was caused by his incarceration, inclement weather, and his travel out of the state. The new judge, unable to locate the judgment order, assigned the public defender's office to represent defendant and returned the matter to the original judge for sentencing, even though defendant already had been sentenced. On April 8, 2005, defendant appeared before the original judge, who appointed counsel. The State did not object on April 6 or April 8 when the court indicated it would appoint counsel.

On April 15, 2005, defense counsel appeared and filed a motion to reconsider the sentence. At the hearing on the motion, the State did not object to its untimeliness but simply argued that

"defendant was tried in absentia without any excuse of his own that was found fit for this court to hold off or continue the trial." The trial court concluded that the 364-day jail term was not excessive and denied the motion on April 25, 2005. Defense counsel filed a notice of appeal on May 5, 2005, which was within 30 days of the denial of the motion challenging the sentence.

ANALYSIS

We have an independent duty to insure that jurisdiction is proper, and we will consider issues of jurisdiction regardless of whether either party has raised them. People v. Aldama, 366 Ill. App. 3d 724, 725 (2006). Section 116--1(b) of the Code of Criminal Procedure of 1963 (Code) requires that a motion for a new trial be filed within 30 days of the entry of judgment on the conviction (725 ILCS 5/116--1(b) (West 2004)), and section 5--8--1(c) of the Unified Code of Corrections requires that a postsentencing motion be filed within 30 days of the imposition of the sentence (730 ILCS 5/5--8--1(c) (West 2004)). Defendant was found guilty and sentenced on March 7, 2005, making his postsentencing motion due within 30 days. Defendant acknowledges that his motion to reconsider the sentence was untimely because he filed it on April 15, 2005, which was more than 30 days after the judgment. However, he contends that the tardy filing does not deprive us of appellate jurisdiction because, under the revestment doctrine, the trial court retained jurisdiction to consider the motion, and his filing of a notice of appeal within 30 days of the denial of the motion vested this court with jurisdiction. We agree.

Our supreme court has applied the doctrine of revestment at least as recently as People v. Kaeding, 98 Ill. 2d 237, 241 (1983). In Kaeding, the court held that the doctrine applies when "the parties *** actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." Kaeding, 98 Ill. 2d at 241. More recently, the court has stated in

People v. Flowers, 208 Ill. 2d 291 (2003), that "[l]ack of subject matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties [citation]." Flowers, 208 Ill. 2d at 303, citing Toman v. Park Castles Apartment Building Corp., 375 Ill. 293, 302 (1940). We have since reconciled Kaeding with Flowers, holding that the latter did not abrogate the revestment doctrine, because "it is not consent but active participation that revests jurisdiction." (Emphasis in original.) People v. Montiel, 365 Ill. App. 3d 601, 605 (2006).

Defendant argues that jurisdiction was revested in the trial court because the prosecutor actively participated in the proceedings where the court appointed defense counsel and heard the motion to reconsider. The State responds that revestment does not apply, because the State "simply maintained its original position that the defendant's sentence was proper, and did not otherwise participate in the hearing on the defendant's motion." However, the record reveals that the prosecutor did not object to the appointment of counsel after the matter was discussed at the hearings on April 6, 2005, and April 8, 2005. Furthermore, defense counsel informed the trial court that he intended to file a postsentencing motion, and the State actively participated in the hearing on the motion without challenging its untimeliness. The prosecutor's acquiescence to the appointment of counsel and his active participation in the hearing on the motion were inconsistent with the merits of the prior judgment because they were a tacit acknowledgment that the prior proceedings should be revisited. If the prosecutor had wished to take a position consistent with the prior judgment, he should have objected to any proceedings held on April 6 and April 8 as untimely. We conclude that the State's active participation in the proceedings revested the trial court with jurisdiction. Once the trial court had jurisdiction to hear and rule on the motion to reconsider sentence, defendant's notice of appeal was timely because he filed it within 30 days of the denial of the postsentencing motion.

Upon concluding that we have jurisdiction over the appeal, we turn to defendant's claim that his trial in absentia without counsel was reversible error. Defendant did not preserve his claim in the trial court. The rule of waiver is, however, a limitation on the parties, not a limitation on this court's jurisdiction. This court may review an argument not properly preserved for review if plain error occurred. 134 Ill. 2d R. 615(a); People v. Carter, 213 Ill. 2d 295, 299 (2004). The plain-error doctrine allows a reviewing court to address defects affecting substantial rights if (1) the evidence is closely balanced or (2) fundamental fairness so requires rather than finding the claims waived. Carter, 213 Ill. 2d at 299. While the State challenges our jurisdiction (albeit unsuccessfully), the State does not press the issue of defendant's waiver and in fact "concede[s] that this court may address the merits of defendant's contentions as plain error."

Section 115--4.1(a) of the Code provides in relevant part as follows:

"(a) When a defendant after arrest and an initial court appearance for a non-capital felony or a misdemeanor, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. Absence of a defendant as specified in this Section shall not be a bar to indictment of a defendant, return of information against a defendant, or arraignment of a defendant for the charge for which bail has been granted. If a defendant fails to appear at arraignment, the court may enter a plea of 'not guilty' on his behalf. If a defendant absents himself before trial on a capital felony, trial may proceed as specified in this Section provided that the State certifies that it will not seek a death sentence following conviction. Trial in the defendant's absence shall be by jury unless

the defendant had previously waived trial by jury. <u>The absent defendant must be represented by retained or appointed counsel.</u>" (Emphasis added.) 725 ILCS 5/115--4.1(a) (West 2004).

The State concedes that defendant "did not waive his right to counsel and that the trial court proceeded to trial without ensuring that [defendant] was represented by counsel, as required by section 115--4.1(a)." Defendant argues that the term "must" in section 115--4.1(a) indicates that providing counsel for a defendant tried <u>in absentia</u> is mandatory rather than directory and, therefore, the trial court's failure to appoint counsel is reversible error that entitles him to a new trial. The State concedes that "[t]he term 'must' represents a mandatory obligation" to provide counsel pursuant to section 115--4.1(a), but the State does not address the <u>consequences</u> of the court's noncompliance with that obligation. The State's failure to argue or cite any authority against defendant's proposition results in waiver of the issue for purposes of appeal. See 177 Ill. 2d R. 341(e)(7); <u>People v. O'Malley</u>, 356 Ill. App. 3d 1038, 1046 (2005), citing <u>People v. Davis</u>, 213 Ill. 2d 459, 470 (2004) ("to avoid waiver, a party must raise its arguments and provide citation to legal authority"). Regardless of the waiver, we independently conclude that, when a trial court violates section 115--4.1(a) by trying a criminal defendant <u>in absentia</u> without first providing counsel, the defendant is entitled to a reversal of his conviction and a new trial.

In reaching our conclusion, we interpret section 115--4.1(a) of the Code. "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." <u>People v. McClure</u>, 218 Ill. 2d 375, 381 (2006). The best evidence of legislative intent is the language of the statute. When possible, the court should interpret the language of a statute according to its plain and ordinary meaning. If intent can be determined from the plain language of the statute, there is no need to resort to interpretive aides. Courts are to construe the statute as a whole, so that no part of it is

rendered meaningless or superfluous. "A court should not depart from the language of the statute by reading into it exceptions, limitations, or conditions that conflict with the intent of the legislature." McClure, 218 Ill. 2d at 382. "The construction of a statute is a question of law that is reviewed de novo." People v. Ramirez, 214 Ill. 2d 176, 179 (2005).

Our supreme court has observed that "section 115--4.1(a) is part of a larger legislative scheme that allows a trial to proceed in the defendant's absence while ensuring that the accused's constitutional right to be present at trial and confront his accusers is not compromised in the process." Ramirez, 214 Ill. 2d at 183. "The first half of this scheme is found in section 113--4(e) of the Code, which requires the trial court to advise the defendant in open court that 'if he escapes from custody or is released on bond and fails to appear in court when required by the court that his failure to appear would constitute a waiver of his right to confront the witnesses against him and trial could proceed in his absence.' " Ramirez, 214 Ill. 2d at 183, quoting 725 ILCS 5/113--4(e) (West 1992). "The second half of the scheme is section 115--4.1(a) [of the Code], which explains how to proceed when a properly admonished defendant willfully absents himself from the proceedings." Ramirez, 214 Ill. 2d at 183. On appeal, defendant does not dispute that he willfully absented himself from the proceedings.

The portion of section 115--4.1(a) at issue provides that, before a criminal defendant may be tried in absentia, "[t]he absent defendant must be represented by retained or appointed counsel." (Emphasis added.) 725 ILCS 5/115--4.1(a) (West 2004). This case turns on whether the counsel provision of section 115--4.1(a) is mandatory or directory, which is entirely distinct from the legal doctrine pertaining to mandatory or permissive duties. People v. Robinson, 217 Ill. 2d 43, 51 (2005).

The Robinson court distinguished the two doctrines to limit confusion previously shown in the appellate court:

> " '[T]he term "mandatory" refers to an obligatory duty which a governmental entity is required to perform, as opposed to a permissive power which a governmental entity may exercise or not as it chooses. By contrast, the "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' [Citation.]
>
> *** In sum, the mandatory-permissive dichotomy concerns whether the language of a statute has the force of a command that imposes an obligation, or is merely a grant of permission or a suggestion, which therefore imposes no obligation. The mandatory-directory dichotomy, which is at issue in this case, concerns the consequences of a failure to fulfill an obligation." Robinson, 217 Ill. 2d at 51-52, quoting Morris v. County of Marin, 18 Cal. 3d 901, 908, 559 P.2d 606, 610-11, 136 Cal. Rptr. 251, 255-56 (1977).

There is no dispute that the term "must" in section 115--4.1(a) indicates a mandatory, rather than permissive, duty to provide retained or appointed counsel for a criminal defendant before trying him in absentia. However, the "mandatory-permissive" question is independent from the "mandatory-directory" question. A statute's prescription of a consequence for failing to obey the statutory provision is a strong indication that the legislature intended a provision to be mandatory. Robinson, 217 Ill. 2d at 54. In this case, the statute provides that "[t]he absent defendant must be represented" (725 ILCS 5/115--4.1(a) (West 2004)), but the legislature did not prescribe a specific result for

failure to provide counsel. When deciding whether a requirement is mandatory or directory, the legislature's use of certain words such as "shall" (see Robinson, 217 Ill. 2d at 54), or in this case, "must," is not determinative. However, Ramirez supports our conclusion that strict compliance with the counsel provision of section 115--4.1(a) is required before a defendant may be tried in absentia.

In Ramirez, the supreme court addressed a portion of section 115--4.1(a) that provides that a trial in absentia may proceed only if, "[w]hen such trial date is set[,] the clerk shall send to the defendant, by certified mail at his last known address indicated on his bond slip, notice of the new date which has been set for trial." 725 ILCS 5/115--4.1(a) (West 2004). The defendant argued that the clerk's failure to serve him notice by certified mail entitled him to a new trial. The State responded that serving the defendant by regular mail and informing defense counsel of the trial date satisfied the statute. The supreme court concluded that the certified mail requirement of section 115--4.1(a) was mandatory rather than directory, rejecting the State's notion that noncompliance could be excused as harmless in certain cases. The court summarized its position as follows:

"Thus, under the plain language of section 115--4.1(a), the clerk's obligation to send notice by certified mail is mandatory, and the requirement that such notice be sent to any defendant who was not personally present in open court when the case was set for trial is mandatory. As importantly, section 115--4.1(a) contains no exceptions, whether for knowledge of defense counsel or for anything else. Had the legislature intended such an exception, it easily could have included it in the statutory language. It did not, and we therefore are constrained to apply the plain language as written and without exception. Accordingly, we hold that strict compliance with section 115--4.1(a)'s certified mailing requirement is a mandatory prerequisite to conducting a criminal trial in absentia, where the defendant was not personally

present in open court when the case was set for trial." (Emphasis omitted.) Ramirez, 214 Ill. 2d at 183.

Like the clerk's obligation to serve notice by certified mail in Ramirez, the trial court's obligation to provide defense counsel in this case was mandatory. The counsel provision of section 115--4.1(a) contains no exceptions, whether for waiver of counsel or for anything else. If the legislature had intended any exceptions, it easily could have manifested such intent in the statutory language. Consistent with Ramirez, we are constrained to apply the plain language as written and without exception; and therefore, we hold that strict compliance with the counsel provision of section 115--4.1(a) is a mandatory prerequisite to conducting a criminal trial in absentia. See Ramirez, 214 Ill. 2d at 184 (compliance with the certified mailing requirement is one of the "necessary statutory safeguards" designed to protect the important constitutional rights that are lost when a person is tried in absentia). In light of our analysis as well as the State's concession, we conclude that the trial court's failure to provide counsel for defendant before trying him in absentia is reversible error that entitles him to a reversal of his conviction and a new trial. See Ramirez, 214 Ill. 2d at 187.

Finally, we consider whether double jeopardy principles protect defendant from a new trial. "Double jeopardy does not preclude retrial of a defendant whose conviction is supported by sufficient evidence but set aside because of errors in process." People v. Sanchez, 329 Ill. App. 3d 59, 68 (2002), citing People v. Olivera, 164 Ill. 2d 382, 393 (1995). Here, defendant "waived review of the sufficiency of the evidence against him by failing to argue the issue in his brief." Sanchez, 329 Ill. App. 3d at 68. Regardless of the waiver, we conclude that the evidence presented is sufficient to support a conviction of driving with a revoked license.

When considering the sufficiency of the evidence, a reviewing court does not retry the defendant. People v. Smith, 185 Ill. 2d 532, 541 (1999). "When reviewing the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) People v. Bishop, 218 Ill. 2d 232, 249 (2006), quoting Jackson v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979). "Testimony may be found insufficient under the Jackson standard, but only where the record evidence compels the conclusion that no reasonable person could accept it beyond a reasonable doubt." People v. Cunningham, 212 Ill. 2d 274, 280 (2004). "The testimony of a single witness, if it is positive and the witness credible, is sufficient to convict." Smith, 185 Ill. 2d at 541.

The statute defining the offense of driving with a revoked license provides that "[a]ny person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this [Vehicle] Code or the law of another state, except as may be specifically allowed by a judicial driving permit, family financial responsibility driving permit, probationary license to drive, or a restricted driving permit issued pursuant to this [Vehicle] Code or under the law of another state, shall be guilty of a Class A misdemeanor." 625 ILCS 5/6--303(a) (West 2004).

The State's only witness, Lee County Sheriff's Deputy Matt Frye, testified that, at 8:15 p.m. on September 10, 2003, he was parked and using his radar unit to measure the speed of cars. Frye's unit had been tested at 4:41 p.m. that day and found to be accurate. Frye measured a vehicle to be traveling 72 miles per hour on a stretch of road with a 55-mile-per-hour limit. Frye stopped the

vehicle, and defendant, the driver, provided a current Illinois State identification card. Frye asked defendant if he had a valid driver's license. Defendant responded that his license had been revoked, and a computer check confirmed that a revocation was in effect on that day.

This evidence is sufficient for a trier of fact to find beyond a reasonable doubt the elements of driving with a revoked license. There is no double jeopardy impediment to a new trial, but our conclusion regarding the sufficiency of the evidence is not a finding of defendant's guilt that would be binding on retrial. See People v. McDonald, 125 Ill. 2d 182, 202 (1988); Sanchez, 329 Ill. App. 3d at 68.

For the preceding reasons, the judgment of the circuit court of Lee County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN and BOWMAN, JJ., concur.