No. 3--04--0575
(Consolidated with Nos. 3--04--0576, 3--05--0417, 3--06--0320)

Filed April 19, 2007.
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 99--CF--379 00--CF--74 |
| ROBERT E. McCOMBS, | ) ) | |
| Defendant-Appellant. | ) ) | Honorable Tim Slavin Judge, Presiding. |

JUSTICE SCHMIDT delivered the opinion of the court:

After separate bench trials, the circuit court of Whiteside County found defendant, Robert McCombs, guilty of felony theft in each of two cases which have been consolidated for purposes of this appeal. Defendant was sentenced to two concurrent extended 10-year terms of imprisonment. Defendant appeals, arguing, *inter alia*, that he is entitled to a new trial on both charges because in each case he was tried *in absentia* without counsel.

FACTS

On September 6, 2000, defendant was convicted of two counts of felony theft by deception during two bench trials in Whiteside County held without the defendant present. Defendant waived his right to counsel in the first case (No. 99--CF--379). Defendant claims that the waiver was invalid. Defendant waived his right to a jury trial in both cases.

Defendant failed to appear for the trials, even though the record shows that he was fully advised and aware of the trial date. Defendant was warned that there would be no more continuances and if he did not appear, a trial would be held without his presence and he could be found guilty. The State requested that the cases proceed to trial as allowed in the *in absentia* statute. 725 ILCS 5/115--4.1 (West 2000). The State called Detective John Kellogg to establish that defendant was willfully avoiding trial. Detective Kellogg stated that when he had tried to contact the defendant on the previous day, he talked to defendant's girlfriend, Frieda Estes, who is now married to defendant and known as Frieda McCombs. She told Kellogg that defendant was aware of the trial date, but she did not think he was going to show up. At the conclusion of the hearing, the court found that the requirement that a defendant's attorney be present during a trial held *in absentia* was not applicable to the

2

defendant since he had waived his right to counsel. Then, the court allowed the trials to proceed in defendant's absence.

On September 6, 2000, the court found defendant guilty of theft in both cases, issued a warrant for defendant's arrest, and set a sentencing hearing three months later. Defendant failed to appear for his sentencing hearing and the court conducted the hearing in defendant's absence. During this hearing, the State argued that defendant was eligible for extended-term sentencing. The court ordered defendant to serve two concurrent 10-year terms of imprisonment, as well as pay restitution of $9,500 and $2,900.

Defendant was arrested 11 months after his convictions. Eleven months after his arrest, twenty-two months after the convictions, defendant filed a postconviction petition, which included the following three claims: (1) the trial court erred when it conducted an evidentiary hearing, a bench trial, and sentencing without the defendant being present; (2) the defendant's due process rights were denied when the assistant State's Attorney failed to inform the trial court that the defendant had called the assistant State's Attorney on the day of trial to request a continuance and to inform the assistant State's Attorney that he was in Rockford without transportation to Morrison, where the trial was being held; and (3) the trial

3

court erred when it stated that the defendant was warned of the perils of representing himself because defendant claims he never requested to represent himself.

During the initial stage of proceedings under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 *et seq.* (West 2000)), the trial court summarily dismissed two of the claims raised in the defendant's postconviction petition. The court appointed counsel to represent defendant in the second stage of the postconviction proceeding on the claim that the assistant State's Attorney failed to notify the court of the conversation he had with the defendant on the day of trial. Defendant supplemented his original *pro se* petition. The State filed a motion to dismiss this remaining claim. The trial court held a hearing and granted the State's motion to dismiss the remaining claim. The defendant appealed the dismissals of his postconviction petitions, case Nos. 3--03--0464 and 3--03--0465. This court held that the trial court erred when it granted a partial summary dismissal of defendant's postconviction petition and remanded the matter to the trial court to conduct a second-stage proceeding under the Act on all issues raised in defendant's postconviction petition. *People v. McCombs*, No. 3-03-0465 (2004) (unpublished order under Supreme Court Rule 23).

4

While the first appeal was pending, defendant filed a *pro se* motion for new trial in both cases before the trial court which included the same allegations that were set forth in his postconviction petition.  The court denied defendant's motions and defendant appealed.  Those appeals were docketed in this court as case Nos.3--04--575 and 3--04--576, and have been consolidated into this appeal.

After this court issued its Rule 23 order in Nos. 3--03--0464 and 3--03--0465, the matters were returned to the trial court.  The State filed an amended motion to dismiss the entire petition.  The court summarily dismissed the petition for No. 99--CF--379, which the defendant appealed.  It was docketed as case No. 3--05--0417 and has been consolidated with defendant's other appeals.

The court found that No. 00--CF--74 was different because the defendant had never waived his right to counsel and set the petition in that case for an evidentiary hearing.  During the hearing, defendant was represented by counsel.  A number of witnesses testified, including the attorney in Rockford whom defendant had met with on another matter the day of his initial trial and who had contacted the assistant State's Attorney on defendant's behalf.  Also testifying were defendant and

5

defendant's wife, Frieda McCombs.  The State called no witnesses.

At the conclusion of the hearing the court stated, "I find Mr. McCombs' testimony today particularly, and, on the other occasions, to be completely incredible.  Mr. McCombs is a liar. He did not tell the truth today.  He has not told the truth virtually any time he has been on the witness stand."  The court further found that the defendant was willfully avoiding court on the day of trial. After reviewing *People* v. *Davis*, 39 Ill. 2d 325 (1968), and hearing arguments on whether *Davis* applied to the McCombs case, the court found that *Davis* was not applicable and denied defendant's petition in No. 00--CF--74.  Defendant appeals.  The matter was docketed as No. 3--06--0320 and consolidated with defendant's other appeals.

The defendant raises four issues in the consolidated appeals: (1) whether a defendant must be represented by counsel during a trial held *in absentia* pursuant to section 115--4.1 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115--4.1 (West 2000)); (2) whether the court erred when it conducted a trial *in absentia* in case No. 00--CF--74 in which defendant had not waived his right to counsel, without any counsel representing defendant present; (3) whether defendant's waiver of counsel in case No. 99--CF--379 complied with Supreme

6

Court Rule 401(a) (134 Ill. 2d R. 401(a)); and (4) whether section 16--1.2 of the Criminal Code of 1961 (720 ILCS 5/16--1.2 (West 2000)) creates an unconstitutional mandatory presumption regarding the intent necessary to prove theft by deception.

### ANALYSIS

First, we consider the issue of whether a defendant must be represented by counsel during a trial held *in absentia*. The Second District recently held in *People v. Gargani*, No. 2--05-- 0478 (February 14, 2007), that a trial court's failure to provide counsel for defendant before trying him *in absentia* is reversible error. *People v. Gargani*, slip op. at 10. The court found that the counsel provision of section 115--4.1(a) is a mandatory prerequisite to conducting a criminal trial *in absentia*. *People v. Gargani*, slip op. at 10. Although, the defendant in *Gargani* had not waived his right to counsel as *McCombs* did in case No, 99--CF--379[1], the Second District's analysis regarding the counsel provision is certainly on point with regard to case No. 00--CF--74, in which McCombs had not waived his right to counsel. We find *Gargani* to be a sound decision and follow it.

---

[1]For purposes of our discussion of the issue of whether defendant must be represented by counsel during an *in absentia* trial, we assume that McCombs' waiver of his right to counsel was valid.

7

Defendant's conviction in case No. 00--CF--74 is hereby vacated. We must now address whether defendant's prior waiver of counsel demands a different result in case No. 99--CF--79. For purposes of our analysis, we presume that the waiver was valid.

As the court noted in *Gargani*, section 115--4.1(a) of the Code states in relevant part:

"(a) When a defendant after arrest and an initial court appearance for a non-capital felony or a misdemeanor, fails to appear for trial, at the request of the State and after the State has affirmatively proven through substantial evidence that the defendant is willfully avoiding trial, the court may commence trial in the absence of the defendant. Absence of a defendant as specified in this Section shall not be a bar to indictment of a defendant, return of information against a defendant, or arraignment of a defendant for the charge for which bail has been granted. If a defendant fails to appear at arraignment, the court may enter a plea of 'not guilty' on his behalf. If a defendant absents himself before trial on a capital felony, trial may proceed as specified in this Section provided that the State certifies that it will not seek a death

8

sentence following conviction.  Trial in the defendant's absence shall be by jury unless the defendant had previously waived trial by jury.  <u>The absent defendant must be represented by retained or appointed counsel</u>.

(Emphasis added.)  725 ILCS 5/115--4.1(a) (West 2000).

"The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." *People v. McClure*, 218 Ill. 2d 375, 381, 843 N.E.2d 308 (2006).  The best evidence of legislative intent is the language of the statute. When possible, the court should interpret the language of a statute according to its plain and ordinary meaning.  If intent can be determined from the plain language of the statute, there is no need to resort to interpretative aides.  "A court should not depart from the language of the statute by reading into it exceptions, limitations, or conditions that conflict with the intent of the legislature."  *People v. McClure*, 218 Ill. 2d at 382, 843 N.E.2d at 312.

The counsel provision of section 115--4.1(a) contains no exception for waiver of counsel.  On the other hand, the statute specifically creates an exception for the requirement that the trial *in absentia* be by jury.  It states, "Trial in defendant's absence shall be by jury <u>unless the defendant had previously</u>

9

<u>waived trial by jury</u>."  (Emphasis added.)  725 ILCS 5/115--4.1(a) (West 2000).  Had the legislature intended to create an exception to the requirement of counsel, it would have explicitly stated that there was such an exception just as it did for the jury requirement in the preceding sentence.  We can, therefore, presume that the legislature intended no exception based on a prior waiver of counsel.  *Expressio unius, est exclusio alterius*.  Therefore, being constrained to apply the plain language of the statute, we find that conducting a trial of the defendant *in absentia* without counsel present is reversible error regardless of whether there was a valid waiver of counsel.

The State argues that requiring counsel to be present during an *in absentia* trial of a defendant who waived counsel is nonsensical.  According to the State, the only solution in such a case would be to continue the trial, which would result in further delay and frustrate the very purpose of the in *absentia* provision.  One additional continuance is a small price to pay to assure the safeguards of the important constitutional rights that are otherwise lost when a defendant is tried *in absentia*.  The State further argues that if every defendant is required to be represented by counsel during a trial held in *absentia*, a defendant who has decided to proceed *pro se* and does not appear

10

for trial would never be tried.  Although we concede that such a result would be absurd, we do not agree that such a result would ensue.  There is nothing to prevent a trial court from issuing a warrant for defendant's arrest for failure to appear for trial under such circumstances and then, upon defendant's arrest, conducting a trial.  If defendant could not be found, the court could appoint counsel, provide a reasonable time for counsel to prepare and then conduct the trial *in absentia*.

Given our finding that the statute requires that defendant be represented by counsel during a trial held *in absentia*, notwithstanding a previous waiver of counsel by defendant, we need not address the remaining issues raised by defendant.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Whiteside County is reversed, defendant's convictions are reversed, and the causes are remanded for new trials.

Reversed and remanded.

CARTER and O'BRIEN, JJ., concur.

11