NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 4230721-U

NO. 4-23-0721

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Mason County |
| GERALD ALAN MAY, | ) | No. 21CM26 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Thomson, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Zenoff and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court erred when it held a jury trial for defendant, who was absent, and did not afford him representation by counsel; double jeopardy prevents a new trial where the State did not provide sufficient evidence to convict defendant of the charged offense at the first trial.

¶ 2    After a jury trial, defendant, Gerald Alan May, was convicted of unlawful display of a registration sticker and sentenced to 14 days in Mason County jail. He now raises a direct appeal of that conviction. On appeal, defendant argues that the trial court failed to provide counsel to him before trying him *in absentia*, as required by section 115-4.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-4.1(a) (West 2020)). The State agrees, and so do we. However, the parties disagree on the appropriate remedy in this case. Specifically, they disagree on whether defendant's conviction may be vacated and remanded for a new trial, or whether double

jeopardy prevents a new trial. For the reasons stated below, we find that double jeopardy principles prevent us from remanding for a new trial, and as such, we reverse defendant's conviction.

¶ 3                                                     I. BACKGROUND

¶ 4            In February 2021, defendant was charged with unlawful display of a registration sticker. Defendant allegedly displayed a license plate for a 1986 red Ford truck on a 2002 white Ford van. Before his trial, defendant appeared in court and was advised that the trial date was set for September 13, 2021, and that if he failed to appear, he could be tried in his absence. On the morning of his trial, records showed that defendant sent an e-mail to the clerk explaining that he had the stomach flu and would not be in court. The trial court proceeded with the jury trial anyway, without the presence of defendant or any counsel for defendant.

¶ 5            At the jury trial, the State presented the testimony of Havana Chief of Police Jeremiah Hindahl. He testified that on October 9, 2020, the conservation police contacted him to meet at Riverfront Park in Havana, Illinois. Hindahl went to the park, and the conservation police told him that they checked the registration plate for a white van that was parked there, but the van's plate checked back to a 1986 red pickup truck. He was also advised that the white van had left the park.

¶ 6            Later that day, Hindahl located the white van and conducted a traffic stop. Hindahl made contact with the driver, who was the only one in the vehicle, and told him that the reason for the traffic stop was that the registration plate on the vehicle was actually for a 1986 truck. Defendant told Hindahl that he did not need a registration plate for the van because he was not driving it, he was traveling in it. Defendant allowed Hindahl to read the vehicle identification number (VIN). Hindahl checked the VIN, which did belong to a 2002 van. Defendant told Hindahl that he knew the registration was invalid on the van and he put the other plates on it in order to

avoid being stopped by police. Eventually, another officer arrived on the scene to assist Hindahl with the traffic stop, Deputy Dave Baker. He advised Hindahl that he had prior contact with defendant and stated that on those prior occasions, defendant had told him he was "a sovereign citizen" and that he was "never driving the vehicle," but that he was "traveling in the vehicle."

¶ 7 After Hindahl's testimony, the State rested. The jury then found defendant guilty as charged, and a warrant was issued for his failure to appear. On June 1, 2023, defendant appeared in court and was advised that he was tried in his absence and found guilty. Defendant explained that he sent an e-mail to the state's attorney stating he was sick and would miss the court date. The trial court indicated that the e-mail was in the file but noted that it was not going to inconvenience the jurors by not proceeding as scheduled. On June 22, 2023, defendant's sentencing hearing was held, and he was sentenced to 14 days in the county jail. Defendant filed a motion for reconsideration, but he did not appear, and the court dismissed the motion for want of prosecution.

¶ 8                                   II. ANALYSIS

¶ 9                      A. Failure to Afford Defendant Counsel

¶ 10 First, defendant argues that the trial court erred when it tried him *in absentia* without providing him with counsel. The State agrees, and so do we. While this issue was not raised in the trial court, we may consider it under the plain-error doctrine, which allows a reviewing court to consider a forfeited issue when (1) the evidence was so closely balanced that the jury's guilty verdict may have resulted from the error and not the evidence or (2) the error is so serious that the defendant was denied a substantial right and review is necessary to preserve the integrity of the judicial process. *People v. Herron*, 215 Ill. 2d 167, 178-179 (2005). Here, we find that the error is reviewable under the second prong of the plain-error doctrine, as defendant was denied his right to counsel.

¶ 11        Although the trial court properly admonished defendant of the consequences that his absence may bring, as required by section 113-4(e) of the Code (725 ILCS 5/113-4(e) (West 2020)), the court did not provide him with counsel in accordance with section 115-4.1(a) of the Code (*id.* § 115-4.1(a)). Section 115-4.1(a) clearly states that, while a defendant may be tried in his absence, "[t]he absent defendant must be represented by retained or appointed counsel." *Id.* Furthermore, section 115-4.1(a) does not contain an exception for waiver. See *People v. McCombs*, 372 Ill. App. 3d 967, 972 (2007) ("Therefore, being constrained to apply the plain language of the statute, we find that conducting a trial of the defendant *in absentia* without counsel present is reversible error regardless of whether there was a valid waiver of counsel.").

¶ 12        As such, we hold that the trial court erred in trying defendant *in absentia* without representation, as required by statute.

¶ 13                        B. Double Jeopardy

¶ 14        Defendant also argues that we should reverse his conviction and hold that double jeopardy principles protect him from a new trial. "The double jeopardy clause prohibits retrial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to present in the first proceeding." *People v. Lopez*, 229 Ill. 2d 322, 367 (2008). Therefore, before remanding for a new trial, we must determine the sufficiency of the evidence presented against defendant at trial. *People v. Sperry*, 2020 IL App (2d) 180296, ¶ 30 (citing *People v. Taylor*, 76 Ill. 2d 289, 309 (1979)). "The relevant question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lopez*, 229 Ill. 2d at 367.

¶ 15     Defendant asserts the evidence at trial was insufficient because it relied on inadmissible hearsay testimony and an uncorroborated confession from defendant, in violation of the *corpus delecti* rule. We address each in turn.

¶ 16                                    1. *Hearsay*

¶ 17     Defendant argues that Hindahl's testimony regarding what the conservation police told him was inadmissible hearsay. Specifically, Hindahl testified that the conservation police contacted him about a white van that had incorrect plates on it. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ill. R. Evid. 801(c) (eff. Oct. 15, 2015). The State argues that Hindahl's testimony falls under the "explanatory exception" to the hearsay rule.

¶ 18     The "explanatory exception" allows the admission of statements that explain the progress of a police investigation under the rationale that such evidence is not offered for its truth. See *People v. Boling*, 2014 IL App (4th) 120634, ¶ 107 ("A police officer may testify as to the steps taken in an investigation of a crime 'where such testimony is necessary and important to fully explain the State's case to the trier of fact.' "). Here, Hindahl's testimony regarding what the conservation police told him could fall under the exception. However, it cannot be used to prove the truth of the matter asserted. In other words, Hindahl's testimony that the conservation police told him they checked the plates on the van and found they were for a different vehicle cannot be used to prove the plates on the van were for another vehicle.

¶ 19     We note we have previously stated that "the trial court must carefully assess such testimony to ensure that it does not include more than is necessary to explain police conduct." *People v. Cameron*, 189 Ill. App. 3d 998, 1004 (1989). The trial court can do this by conducting "a hearing out of the presence of the jury to determine both the *scope* of these third[-]party out-of-

court statements and the *need* for the jury to hear them." (Emphases in original.) *Id*. at 1005; see *Boling*, 2014 IL App (4th) 120634, ¶ 115 (stating the trial court may conduct a *Cameron* hearing *sua sponte*) The trial court can then prevent the introduction of improper testimony, "thereby permitting the State to provide its legitimate explanations for police conduct, while protecting the defendant against prejudicial hearsay statements." *Cameron*, 189 Ill. App. 3d at 1005. No such hearing was held in this case.

¶ 20                                    2. *Corpus Delecti Rule*

¶ 21        Defendant argues that other than the alleged hearsay evidence, the State did not provide any additional evidence corroborating his alleged confession. Under Illinois law, "proof of an offense requires proof of two distinct propositions or facts beyond a reasonable doubt: (1) that a crime occurred, *i.e.*, the *corpus delicti*; and (2) that the crime was committed by the person charged." *People v. Sargent*, 239 Ill. 2d 166, 183 (2010). "[P]roof of the *corpus delicti* may not rest exclusively on a defendant's extrajudicial confession, admission, or other statement." *Id*. "Where a defendant's confession is part of the proof of the *corpus delicti,* the prosecution must also adduce corroborating evidence independent of the defendant's own statement." *Id*.

¶ 22        The State argues that Hindahl's testimony corroborates the confession. We disagree. First of all, much of Hindahl's testimony is about what the conservation police told him about what they did. This can come in under the explanatory exception to describe Hindahl's investigation, but it cannot be used to prove the truth of the matter asserted, or it is inadmissible hearsay. Regardless, we cannot consider that testimony in analyzing whether defendant in fact had the wrong plates on his vehicle. What remains is testimony that defendant told Hindahl he knew he was using the wrong plates (the alleged confession, which cannot stand alone), and testimony that Hindahl later ran the VIN of the vehicle to discover it was a 2002 model.

¶ 23        Reviewing the record before us, we find no additional evidence was provided by the State to prove defendant committed the charged offense. As such, we find that the *corpus delecti* rule was not satisfied, and even after viewing the evidence in the light most favorable to the State, there was insufficient evidence to convict defendant in this case. The outcome may have been different had the State provided some independent evidence of defendant's alleged offense, such as a self-authenticating driving abstract. Astonishingly, no testimony was provided to show that Hindahl ran the plates himself to see if they were valid.

¶ 24        Therefore, we hold that the State did not provide sufficient evidence to convict defendant, and as such, double jeopardy principles prevent us from remanding for a new trial.

¶ 25                              III. CONCLUSION

¶ 26        For the reasons stated, we reverse defendant's conviction and hold that a new trial is barred by double jeopardy.

¶ 27        Reversed.