23119

The STATE, Respondent v. Timothy Fitzgerald WOODRUFF, Appellant.

(387 S. E. (2d) 453)

Supreme Court

*Assistant Appellate Defender Wanda Hagler Haile* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard Sept. 20, 1989.

Decided Dec. 11, 1989.

CHANDLER, Justice:

Appellant Timothy Fitzgerald Woodruff (Woodruff) was convicted of murder, armed robbery, and conspiracy. He was sentenced to consecutive terms of life, twenty-five years, and five years, respectively.

We affirm.

## FACTS

On February 23, 1987, Woodruff, who is black, and one Keith Childs, while robbing a Greenville Hess station, shot and killed the attendant, Nathan Wix.

At Woodruff's trial, the State exercised peremptory challenges against three[1] black jurors. After finding that Woodruff had established a *prima facie* showing of racial discrimination, the trial court conducted a *Batson*[2] hearing to determine whether the State's reason for striking the prospective jurors was racially neutral.

Thereafter, the Court ruled that no *Batson* violation occurred.

## ISSUE

The sole issue we address is whether the State's peremptory challenges violate *Batson.*

## DISCUSSION

Under *Batson,* upon a *prima facie* showing of racial discrimination, the trial judge must determine whether the State has demonstrated a racially neu-

---

[1] It is clear from the record that Woodruff did not contest the strike of a black alternate, juror Lains. Matters not passed upon by the trial court will not be reviewed. *State v. Newton,* 274 S. C. 287, 262 S. E. (2d) 906 (1980).

[2] *Batson v. Kentucky,* 476 U. S. 79, 106 S. Ct. 1712, 90 L. Ed. (2d) 69 (1986).

tral reason for the challenge. 476 U. S. at 97, 106 S. Ct. at 1723, 90 L. Ed. (2d) at 88. The reason relied upon by the State need not rise to the level of a challenge for cause. *Id.* The trial judge's ruling on the issue of intentional discrimination constitutes a finding of fact and is accorded great deference by a reviewing Court. 476 U. S. at 98, 106 S. Ct. at 1724, 90 L. Ed. (2d) at 88-89.

We recently applied *Batson* in *State v. Oglesby*, 298 S. C. 279, 379 S. E. (2d) 891 (1989). There, we held that the State's racially neutral reason for striking black jurors was pretext, having been exercised in a racially discriminatory manner, mandating reversal.

Woodruff concedes that reluctance to impose the death penalty constitutes a racially neutral reason for challenge. He contends, however, it was applied here in a discriminatory manner, the State having seated a white juror, Ridge, who, like the rejected black jurors, was hesitant to impose capital punishment. We disagree.

After being informed on *voir dire* that the State's burden was "beyond a reasonable doubt," juror Mitchell stated repeatedly that she could impose the death penalty only if *no* doubt existed. Similarly, juror Morris expressed general opposition to capital punishment.

On the other hand, juror Ridge, while admitting her difficulty in signing a death penalty verdict, testified she was not strongly disposed either for or against the death penalty.

Here, the Solicitor's exercise of his peremptory challenges to excuse jurors Mitchell and Morris does not constitute a *Batson* violation. Given the severity of capital punishment, coupled with the searching *voir dire* interrogation pursued by solicitors and defense counsel, it is understandable that juror responses regarding the death penalty are frequently marked by inconsistency and vacillation. We hold that, under such circumstances, the solicitor may view the entirety of a juror's *voir dire* responses in determining whether to accept or reject a prospective juror. Where, as here, the responses are susceptible of more than one conclusion, we decline to substitute our own opinion for that of the Solicitor.

Woodruff's remaining exceptions are affirmed pursuant

to Supreme Court Rule 23: *State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981) (Exceptions 2, 3 and 5, procedural bar); *State v. Newton,* 274 S. C. 287, 262 S. E. (2d) 906 (1980); (procedural bar), in any event, we affirm under *State v. Doby,* 273 S. C. 704, 258 S. E. (2d) 896 (1979), *cert. denied,* 444 U. S. 1048, 100 S. Ct. 739, 62 L. Ed. (2d) 735; *State v. Middleton,* 295 S. C. 318, 368 S. E. (2d) 457 (1988) (Exception 4); *State v. Brown,* 103 S. C. 437, 88 S. E. 21 (1916) (Exceptions 6, 7 and 8); *State v. Vanderbilt,* 287 S. C. 597, 340 S. E. (2d) 543 (1986); *State v. Lynn,* 277 S. C. 222, 284 S. E. (2d) 786 (1981) (Exception 12, procedural bar); *State v. Edwards,* 298 S. C. 272, 379 S. E. (2d) 888 (1989); *State v. Meyers,* 262 S. C. 222, 203 S. E. (2d) 678 (1974) (Exceptions 13, 14 and 15); *State v. Linder,* 276 S. C. 304, 278 S. E. (2d) 335 (1981) (Exception 16); *State v. Leonard,* 292 S. C. 133, 355 S. E. (2d) 270 (1970) (Exception 17).

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.