23346

The STATE, Respondent v. Anthony WILLIAMS, Appellant.

(401 S.E. (2d) 168)

Supreme Court

Asst. Appellate Defender Robert M. Pachak, South Carolina Office of Appellate Defense, Columbia, *for appellant.*

Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Miller W. Shealy, Jr. and Staff Atty. E. Jean Howard, Columbia, and Sol. Wade S. Kolb, Jr., Sumter, *for respondent.*

Heard Jan. 7, 1991.

Decided Feb. 11, 1991.

GREGORY, Chief Justice:

Appellant was tried in his absence without counsel and convicted of trafficking in cocaine, criminal conspiracy, and possession with intent to distribute marijuana. He was sentenced to imprisonment for twenty-five years and fined $200,000. We affirm.

Appellant claims he is entitled to a new trial because the record fails to establish he knowingly and voluntarily waived his right to be represented by counsel at trial.

The threshold issue is whether appellant waived this issue on appeal by failing to object on this ground at his sentencing hearing. Generally, this Court will not consider issues not raised to or ruled upon by the trial judge. *State v. Woodruff*, 300 S.C. 265, 387 S.E. (2d) 453 (1989); *State v. Vanderbilt*, 287 S.C. 597, 340 S.E. (2d) 543 (1986). A defendant must object at his first opportunity to preserve an issue for appellate review. *Cf. State v. Williams*, 292 S.C. 231, 355 S.E. (2d) 861 (1987) (right to be present).

Here, appellant was represented by counsel at sentencing. When a defendant is tried *in absentia*, judgment is not final until the sealed sentence is opened and read. *State v. Robinson*, 287 S.C. 173, 337 S.E. (2d) 204 (1985). Coun-

sel could have interposed a timely objection at sentencing in order to have this issue ruled upon by the circuit court in the first instance. Since no objection was made, there is no issue preserved for review by this Court.

The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.