THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 David Mitchell Tucker, Appellant.
 
 
 

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2005-UP-627
Submitted December 1, 2005  Filed December 9, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott all of Columbia, and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent. 
 
 
 

PER CURIAM:  Appellant, David Mitchell Tucker, was indicted for and convicted of distribution of Oxycontin, a Schedule II controlled substance, and distribution of Lortab, a Schedule III controlled substance.  The trial judge sentenced Tucker to twelve years on each charge.  Tuckers counsel attached to the brief a petition to be relieved as counsel, stating that he had reviewed the record and concluded this appeal lacks merit.  Tucker filed a separate pro se brief.  This court directed the parties to address the admissibility of evidence identifying the drugs predicated upon the states experts reliance on the PDR, Physicians Desk Reference.  We now affirm1 pursuant to Rule 220(b)(2), SCACR and the following authorities:  State v. Johnson, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) (holding to preserve an issue for review there must be a contemporaneous objection that is ruled upon by the trial court; an objection should be addressed to the trial court in a sufficiently specific manner that brings attention to the exact error, and if a party fails to properly object, the party is procedurally barred from raising the issue on appeal); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (noting [a] party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground); State v. Williams, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) (finding an appellate court will not consider issues that are not raised to and ruled upon by the trial judge, and a defendant must object at his first opportunity to preserve an issue for appellate review).
AFFIRMED.
HEARN, C.J., and HUFF and BEATTY,JJ., concur.

1 We decide this case without oral argument pursuant to Rule 215, SCACR.