**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ernest Maurice Allen, Appellant.

Appellate Case No. 2014-000165

Appeal From Kershaw County
James R. Barber, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-135
Heard February 2, 2016 – Filed April 6, 2016

**AFFIRMED**

Thomas Jarrett Bouchette, of Johnny Gardner Law Group, P.A., of Conway, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant

Attorney General Alan McCrory Wilson, Assistant Attorney General Mark Reynolds Farthing, Assistant Attorney General Jennifer Ellis Roberts, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

**PER CURIAM:** Ernest M. Allen appeals his convictions for resisting arrest with a deadly weapon, possession of a weapon during the commission of a violent crime, assault and battery of a high and aggravated nature (ABHAN), and two counts of attempted murder. Allen contends the trial court erred in denying his motion for a directed verdict on the resisting arrest charge. He also maintains the trial court erred in allowing evidence of pending charges to be submitted to the jury. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying his motion for a directed verdict on the resisting arrest charge: *State v. Brannon*, 388 S.C. 498, 501, 697 S.E.2d 593, 595 (2010) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight." (quoting *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006))); *Weston*, 367 S.C. at 292-93, 625 S.E.2d at 648 (Holding if any direct evidence or substantial circumstantial evidence reasonably tends to prove the guilt of the accused, this court must find the case was properly submitted to the jury); S.C. Code Ann. § 16-3-625 (2015) ("A person who resists the lawful efforts of a law enforcement officer to arrest him or another person with the use or threat of use of a deadly weapon against the officer, and the person is in possession or claims to be in possession of a deadly weapon, is guilty of a felony and, upon conviction, must be punished by imprisonment for not more than ten nor less than two years.").

2. As to whether the trial court erred in allowing evidence of pending charges to be submitted to the jury: *State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) (holding an issue not raised and ruled upon by the trial court is not preserved for appeal); *Ex parte McMillan*, 319 S.C. 331, 334, 461 S.E.2d 43, 45 (1995) (holding a party cannot acquiesce to an issue at trial, but then complain on appeal); *State v. Mitchell*, 330 S.C. 189, 195, 498 S.E.2d 642, 645 (1998) ("[B]ecause counsel acquiesced in the judge's limitation of his cross-examination, and made no other objections regarding [the issue], [a]ppellant cannot now complain about this issue.").

**AFFIRMED.**

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**