THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jami Renee Morse, Appellant.

Appellate Case No. 2013-002734

———————

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-275
Heard June 5, 2017 – Filed July 5, 2017

———————

**REVERSED**

———————

Milton Demetrios Stratos, of Mount Pleasant, for
Appellant.

Marcus Keith Gore, of South Carolina Department of
Public Safety, of Blythewood, for Respondent.

———————

**PER CURIAM:** Jami Renee Morse appeals the circuit court's order reversing the magistrate's directed verdict in her trial for driving under the influence (DUI). Morse argues the circuit court erred in (1) finding the State preserved issues for appellate review, (2) denying her motion to dismiss, and (3) conducting a de novo review in an appellate matter. We reverse.

1.      We find the State failed to preserve issues for appellate review by the circuit court by failing to file a post-trial motion to the magistrate after the State failed to appear in magistrate's court.  An issue may not be raised for the first time on appeal, but must have been preserved for appellate review.  *State v. Nichols*, 325 S.C. 111, 120, 481 S.E.2d 118, 123 (1997).  "There are four basic requirements to preserving issues at trial for appellate review. . . .  [T]he issue must have been (1) raised to and ruled upon by the [trial] court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the [trial] court with sufficient specificity."  Jean H. Toal, Amelia W. Walker & Margaret E. Baker, *Appellate Practice in South Carolina* 185 (3d ed. 2016).  "Post-trial motions are not necessary to preserve issues that have been ruled upon at trial; they are used to preserve those that have been raised to the trial court but not yet ruled upon by it."  *Wilder Corp. v. Wilke*, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998).  However, "[p]ost-trial motions are also utilized to raise issues that could not have been raised at trial."  Toal at 189 (explaining when a post-trial motion must be filed to preserve an issue for appellate review).  We find the State was required to file a post-trial motion with the magistrate to preserve its issues for appellate review to the circuit court.  *See State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) (stating an objection must be made at the earliest opportunity to preserve an issue for appellate review); *id.* (finding the defendant should have raised an issue at his sentencing hearing that he could not have raised at his trial in absentia).

2.      We decline to reach Morse's remaining issues based on our disposition of the first issue.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**REVERSED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**