**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emiah Anderson, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2019-001853

---

Appeal From The Administrative Law Court
Milton G. Kimpson, Administrative Law Judge

---

Unpublished Opinion No. 2022-UP-194
Submitted March 1, 2022 – Filed May 11, 2022

---

**AFFIRMED**

---

Emiah Anderson, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Emiah Anderson, pro se, appeals an order of the administrative law court (ALC) affirming an order of the parole board of the South Carolina Department of Probation, Parole and Pardon Services denying his request for parole. On appeal, Anderson argues the ALC erred by affirming the parole board's

order because (1) its denial of his request for parole was made upon an unlawful procedure and (2) its consideration of the "Criteria for Parole Consideration" listed on Department Form 1212 violated the Ex Post Facto Clauses of the United States and South Carolina Constitutions. We affirm.

1. We find substantial evidence supports the ALC's finding that the procedure implemented by the parole board in denying Anderson's request for parole was not unlawful. *See Risher v. S.C. Dep't of Health & Env't Control*, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) (defining "substantial evidence" as "evidence from which reasonable minds could reach the same conclusion" as the ALC); *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 500, 661 S.E.2d 106, 112 (2008) (stating the parole board's procedure for reviewing parole requests is lawful if the parole board "clearly states in its order denying parole that it considered the factors outlined in section 24-21-640 and the . . . factors published in [Department Form 1212]").

Additionally, we find Anderson's arguments concerning his parole eligibility, "The Rehabilitation Initiative," and his liberty interests are not preserved for review by this court. *See Al-Shabazz v. State*, 338 S.C. 354, 379, 527 S.E.2d 742,755 (2000) ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] ordinarily are not preserved for review."); *State v. Franks*, 432 S.C. 58, 79, 849 S.E.2d 580, 591 (Ct. App. 2020) ("Generally, this [c]ourt will not consider issues not raised to or ruled upon by the trial [court]." (alterations in original) (quoting *State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991))).

2. We find substantial evidence supports the ALC's finding that the parole board's consideration of the "Criteria for Parole Consideration" listed on Department Form 1212 did not violate the Ex Post Facto Clauses of the United States or South Carolina Constitutions. *See Risher*, 393 S.C. at 204, 712 S.E.2d at 431 ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Sanders*, 379 S.C. at 417, 665 S.E.2d at 234 (defining "substantial evidence" as "evidence from which reasonable minds could reach the same conclusion" as the ALC); *Jernigan v. State*, 340 S.C. 256, 261, 531 S.E.2d 507, 509 (2000) ("An ex post facto violation occurs when a change in the law retroactively . . . increases the punishment for a crime."); *Cooper*, 377 S.C. at 501, 661 S.E.2d at 112-13 (holding the parole board's consideration of factors it established pursuant to section 24-21-640 was not an ex post facto violation);

*id.* (indicating the parole board established its "Criteria for Parole Consideration" listed on Department Form 1212 pursuant to section 24-21-640).

Additionally, we find Anderson's argument concerning the parole board's consideration of the factors listed in section 24-21-10(F)(1) of the South Carolina Code (Supp. 2021) is not preserved for review by this court. *See Al-Shabazz*, 338 S.C. at 379, 527 S.E.2d at 755 ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] ordinarily are not preserved for review."); *Franks*, 432 S.C. at 79, 849 S.E.2d at 591 ("Generally, this [c]ourt will not consider issues not raised to or ruled upon by the trial [court]." (alterations in original) (quoting *Williams*, 303 S.C. at 411, 401 S.E.2d at 169)).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.