**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jermaine Silas White, Appellant.

Appellate Case No. 2021-000452

―――――――――――

Appeal From Colleton County
Thomas W. Cooper, Jr., Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2023-UP-372
Submitted November 1, 2023 – Filed November 22, 2023

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Julianna E. Battenfield, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

―――――――――――

**PER CURIAM:** Jermaine Silas White appeals his convictions for murder and possession of a weapon during the commission of a violent crime, and his concurrent sentences of thirty-five years' imprisonment and five years' imprisonment. On appeal, White argues the trial court abused its discretion by allowing a lay witness to opine about the meaning of (1) the victim's statements made in an officer's body-worn camera video, and (2) White's statements made in a recorded jail phone call. We affirm pursuant to Rule 220(b), SCACR.

We hold White's arguments are not preserved for appellate review. When the State questioned a lay witness about the meaning of the victim's statements in an officer's body-worn camera video at trial, White did not object to the testimony. *See State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) ("Generally, [an appellate court] will not consider issues not raised to or ruled upon by the trial [court]."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented and with sufficient specificity to inform the [trial court] of the point being urged by the objector." (citations omitted)); *State v. Sheppard*, 391 S.C. 415, 420-21, 706 S.E.2d 16, 19 (2011) ("Our law is clear that a party must make a contemporaneous objection that is ruled upon by the trial [court] to preserve an issue for appellate review."). Additionally, when the State moved to admit a recorded jail phone call into evidence, White did not object; however, he did object when the State asked a witness to testify about the meaning of one of White's statements in the recording that required the witness to assume a fact not directly stated on the call. The trial court sustained the objection, and the State rephrased its question. White did not further object, and the witness offered his opinion as to the meaning of White's statement. White now asserts this was improper lay witness testimony—a different ground than was raised to the trial court. *See State v. Blalock*, 357 S.C. 74, 79, 591 S.E.2d 632, 635 (Ct. App. 2003) ("In order to preserve an error for appellate review, a defendant must make a contemporaneous objection on a specific ground."); *State v. Johnson*, 363 S.C. 53, 58-59, 609 S.E.2d 520, 523 (2005) ("If a party fails to properly object, the party is procedurally barred from raising the issue on appeal."); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.